IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTEE DIVISION
CIVIL NO. 3:19-CV-112-RJC-DSC

PICKUP & GO MOVING )
INTERNATIONAL INC. et. al., )
)
)
      **Plaintiffs,** )
)
      **v.** )
)
CAPITAL ONE BANK (USA) N.A., )
)
      **Defendant.** )

**MEMORANDUM AND RECOMMENDATION AND ORDER**

**THIS MATTER** is before the Court on "Defendant's Motion to Dismiss Complaint" (document #4) and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted as discussed below.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Accepting the factual allegations of the Complaint as true, Plaintiff Pickup & Go Moving International Inc. is a shipping and logistics company owned by Plaintiff Johnson. Johnson is African American. Pickup & Go opened a small business credit card account with Defendant. Defendant subsequently sent Plaintiffs a letter stating that the account was being closed due to

1

"Principal owner(s) hav[ing] past, present or pending legal action." Complaint at 4 (document #2-1). Plaintiffs do not dispute the accuracy of that statement. Rather they allege that Defendant failed to disclose how it obtained that information and that Plaintiffs "had the same number of present or pending legal action(s) as [sic] when they filled out the applications for credit and when Defendant opened [their] account." Id.

Plaintiffs "deduced that the [actual] reason for closing the account was due to discrimination." Plaintiffs further allege on and information and belief "that it was the policy of [Defendant] to take adverse action against consumers based on race." Id. Although Johnson did not individually apply for or guarantee the account, "information about the account appears on his personal credit report." Id.

On January 29, 2019, Plaintiffs filed their Complaint in Mecklenburg County Superior Court alleging racial discrimination in violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 et seq., as well as state law claims for breach of contract and violation of the North Carolina Unfair and Deceptive Trade Practices Act, § 75-1.1, et seq.. Defendant timely removed the action to the United States District Court for the Western District of North Carolina alleging federal question jurisdiction.

On March 27, 2019, Defendant filed its Motion to Dismiss.

In their response, Plaintiffs "concede that the allegation regarding Plaintiff Johnson's credit report is not sufficient for Chapter 75 liability because that issue has been preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681." Document #6 at 6.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded

allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at

3

679.  "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed.  Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490 U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

The ECOA provides that "[i]t shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction …on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract). 15 U.S.C. § 1691(a).

Plaintiffs have failed to plausibly plead an ECOA race discrimination claim.  They have pled only conclusory accusations of discrimination that are speculative or based upon information and belief. Twombly, 550 U.S. at 555 (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be

true).  They have not pled sufficient facts to support their claim that Defendant closed the account due to race-based animus.

For those reasons and the other reasons stated in Defendant's briefs, the undersigned respectfully recommends that its Motion to Dismiss be <u>granted</u> as to Plaintiffs ECOA claim.    For those same reasons, Plaintiffs' breach of contract and UDTPA claims fail as well.

### III. <u>ORDER</u>

**IT IS HEREBY ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant's Motion to Dismiss Complaint" (document #4) be **GRANTED**.

### V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same.  Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge.  <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989).   Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316;

5

Case 3:19-cv-00112-RJC-DSC   Document 10   Filed 07/31/19   Page 5 of 6

Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the parties' counsel and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: July 31, 2019

David S. Cayer
United States Magistrate Judge