UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00112-RJC-DSC

| | | |
|---|---|---|
| PICKUP & GO MOVING INTERNATIONAL, INC. and ANTOINE JOHNSON, | ) ) ) ) | |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| CAPITAL ONE BANK (USA), N.A., | ) ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss, (Doc. No. 4), and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 10).

I. BACKGROUND

Plaintiff Pickup & Go Moving International, Inc. (the "Company") is a shipping and logistics company. Plaintiff Antoine Johnson ("Johnson") is an employee and officer of the Company. Johnson is African American.

The Company applied for and received a credit card account from Defendant Capital One Bank (USA), N.A. ("Defendant"). Thereafter, Defendant notified Plaintiffs by letter dated November 29, 2018 that Defendant closed the Company's credit card account because "[p]rincipal owner(s) have past, present or pending legal action." (Doc. No. 1-2, ¶ 6.) At the time Defendant closed the account, the Company and its officers had the same number of present or pending legal actions as when the Company applied for and received the credit card account. Plaintiffs thus "deduced"

that Defendant closed the Company's account due to racial discrimination and allege upon information and belief that "it was the policy of [Defendant] to take adverse action against consumers on the basis of race." (Doc. No. 1-2, ¶¶ 9–10.)

Plaintiffs filed their Complaint in the Superior Court of Mecklenburg County, North Carolina on January 29, 2019, and Defendant removed the action to this Court on March 6, 2019. Plaintiffs bring claims for violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691(d), breach of contract, and unfair or deceptive acts or practices ("UDAP") in violation of N.C. Gen. Stat. § 75-1.1. Defendant moved under Rule 12(b)(6) to dismiss Plaintiffs' Complaint. In the M&R, the Magistrate Judge recommended that the Court grant the motion.

After issuance of the M&R, Plaintiffs' counsel moved to withdraw. The Magistrate Judge entered an order on September 9, 2019 granting the motion to withdraw. In the order, the Magistrate Judge warned the Company that it must immediately retain substitute counsel as a corporation may only appear in federal court through licensed counsel. The order directed the Company to secure replacement counsel who was to file a notice of appearance within thirty days of the date of the order.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or

recommendations to which objection is made." Id. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The standard of review for a motion to dismiss under Rule 12(b)(6) for failure to state a claim is well known. Fed. R. Civ. P. 12(b)(6). "A motion to dismiss under Rule 12(b)(6) 'challenges the legal sufficiency of a complaint,' including whether it meets the pleading standard of Rule 8(a)(2)." Fannie Mae v. Quicksilver LLC, 155 F. Supp. 3d 535, 542 (M.D.N.C. 2015) (quoting Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009)). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Facial plausibility means allegations that allow the court to draw the reasonable inference that defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. Additionally, when ruling on a motion to dismiss, a court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007). Nonetheless, a court is not bound to accept as true legal conclusions couched as factual allegations. Papasan v. Allain, 478 U.S. 265, 286

3

(1986). "Courts cannot weigh the facts or assess the evidence at this stage, but a complaint entirely devoid of any facts supporting a given claim cannot proceed." Potomac Conference Corp. of Seventh-Day Adventists v. Takoma Acad. Alumni Ass'n, Inc., 2 F. Supp. 3d 758, 767–68 (D. Md. 2014). Furthermore, the court "should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Plaintiffs' objections to the M&R are untimely and, thus, the Court may disregard the objections. Under 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), the parties have fourteen days from service of the M&R to file written objections thereto. Although the Court is to engage in de novo review of the specific portions and findings of the M&R to which a timely objection is made, a party waives this right when it files untimely objections. United States v. Asbury, No. 3:04CR100-MU, 2006 U.S. Dist. LEXIS 9124, at *2 (W.D.N.C. Feb. 16, 2006); Kirby v. GE, No. 5:98CV70-V, 2000 U.S. Dist. LEXIS 3289, at *8 (W.D.N.C. Feb. 8, 2000). When a party files untimely objections, the Court may disregard the objections and adopt the M&R if there is no clear error on the face of the record. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Asbury, 2006 U.S. Dist. LEXIS 9124, at *2; Kirby, 2000 U.S. Dist. LEXIS 3289, at *8.

Here, the M&R was issued and served on July 31, 2019. Thus, any objections to the M&R were due on or before August 14, 2019, and the M&R advised the parties of this deadline. Plaintiffs did not file their objections until September 5, 2019, more

4

than three weeks after the deadline. Thus, the Court may disregard the objections and review the M&R for clear error.

The Court may also disregard Plaintiffs' objections on behalf of the Company because they were filed pro se and a corporation may only appear in federal court through licensed counsel. Gilley v. Shoffner, 345 F. Supp. 2d 563, 566 (M.D.N.C. 2004); Microsoft Corp. v. Computer Serv. & Repair, Inc., 312 F. Supp. 2d 779, 780 (E.D.N.C. 2004). Here, the Company's counsel was permitted to withdraw on September 9, 2019. In allowing withdrawal, the Magistrate Judge warned the Company that it could not proceed pro se and directed the Company to retain counsel in this action within thirty days. The Company's former counsel served the withdrawal order on the Company on September 12, 2019 by mail. (Doc. No. 14.) Accordingly, the thirty-day period for the Company to retain new counsel expired on October 16, 2019. The Company's failure to retain counsel in this action warrants dismissal of the Company's claims. Gilley, 345 F. Supp. 2d at 566; Microsoft Corp., 312 F. Supp. 2d at 780.

Notwithstanding that Plaintiffs' objections are untimely and the Company has failed to retain counsel, a review by this court indicates the objections fail on the merits. The M&R concluded that the Complaint alleges only conclusory allegations of race-based discrimination that are speculative and based on information and belief. As a result, the M&R concluded that the Complaint fails to state a claim for violation of the ECOA. As Plaintiffs' UDAP claim is likewise based on these same conclusory allegations of race-based discrimination, the M&R concluded that the Complaint also

5

fails to state a UDAP claim.

In their objections, Plaintiffs contend that their UDAP claim is not grounded on race-based discrimination. Plaintiffs assert that Defendant granted credit to the Company and then revoked that credit because one of the Company's guarantors was a convicted felon. Plaintiffs further assert that Defendant's decision to close the Company's credit card account was based on Defendant's belief that persons with felony convictions should not have a credit account, and that this is sufficient to state a UDAP claim.

Although styled as Plaintiffs' objections to the M&R, such objections are actually new factual allegations. The Complaint is devoid of any allegations regarding felony convictions. Instead, the Complaint alleges that Defendant's decision to close the Company's account was a product of race-based discrimination. The M&R correctly concluded that the Complaint's allegations of race-based discrimination are too conclusory and speculative to state a claim, and it is "axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." Katz v. Odin, Feldman & Pittleman, P.C., 332 F. Supp. 2d 909, 917 n.9 (E.D. Va. 2004). Therefore, the Complaint fails to state a UDAP claim, and such claim must be dismissed.

Plaintiffs do not object to the M&R's conclusions as to their claims for violation of the ECOA and breach of contract. After review of the M&R and the entire record, the Court determines that the M&R's conclusions as to these claims are fully consistent with and supported by current law, and these claims are therefore

dismissed.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 10), is **ADOPTED**;

2. Defendant's Motion to Dismiss, (Doc. No. 4), is **GRANTED** and Plaintiffs' Complaint is **DISMISSED**; and

3. The Clerk of Court is directed to close this case.

Signed: February 21, 2020

Robert J. Conrad, Jr.
United States District Judge